COHEN v. NATHANIEL FISHER & CO. et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. CONSPIRACY (§ 1*)—CIVIL LIABILITY—GROUNDS OF ACTION.

The basis of an action for conspiracy is the damages from the wrongful act of one or more persons, and the only materiality of allegations with respect to the conspiracy or combination with those who are not the direct actors is to connect them with and make them responsible for the acts of others.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. DAMAGES (§ 157*)—PLEADING—ISSUES, PROOF, AND VARIANCE.

In an action to recover for bringing proceedings in bankruptcy against plaintiff and securing a receiver, the complaint alleged that plaintiff was put to great trouble, inconvenience, and expense in procuring witnesses and employing counsel to defend the bankruptcy proceedings, and was deprived of the use of his property for a stated period, and that his credit and business were ruined, and that he suffered injury to his good name, fame, and standing, and otherwise, in all to his damage in a sum stated. Held that, under these allegations, evidence of special damages was inadmissible, as the pleading would only authorize a recovery of general damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 431; Dec. Dig. § 157.*]

3. MALICIOUS PROSECUTION (§§ 49, 50*)—COMPLAINT—ALLEGATIONS AS TO MALICE AND WANT OF PROBABLE CAUSE.

In an action for damages from bankruptcy proceedings, instituted by defendant against plaintiff and the appointment of a receiver, an allegation that the application to have him adjudged a bankrupt and for a receiver was made without cause is not a sufficient allegation as to the want of probable cause, and an allegation which alleges malice in assigning claims to defendant is not a sufficient allegation of damage, for, if defendant had probable cause, his motive was immaterial.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 94–97; Dec. Dig. §§ 49, 50.*]

4. MALICIOUS PROSECUTION (§ 12*)—BANKRUPTCY PROCEEDINGS.

If a creditor institutes bankruptcy proceedings and secures a receiver for his debtor without probable cause and through malice, he is liable for malicious prosecution for the damages which were the proximate cause of his acts.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 5; Dec. Dig. § 12.*]

5. CONSPIRACY (§ 18*)—SUFFICIENCY OF COMPLAINT.

Pen. Code, §§ 168, 169 (Penal Law [Consol. Laws, c. 40] §§ 580, 581), defines the crime of conspiracy, and Pen. Code, § 170 (Penal Law, § 582), provides that no conspiracy is punishable criminally unless it is one of those enumerated in section 128, c. 167. By section 168 it is made a misdemeanor for two or more persons to conspire "falsely to institute or maintain an action or special proceeding." Held, that a complaint charging defendant with conspiracy in connection with a bankruptcy proceeding instituted against defendant, which did not allege that defendants conspired or agreed to falsely institute a proceeding, and which does not allege that they agreed to misstate the facts or resort to perjury, or misrepresent anything in the court, does not state a cause of action for conspiracy.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 18, 19; Dec. Dig. § 18.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. CONSPIRACY (§ 1*)—CIVIL LIABILITY—NATURE AND ELEMENTS IN GENERAL.
   Where two or more persons conspire to do a lawful act in a lawful manner, from which damages flow, the malicious motives and the conspiracy do not give rise to a cause of action which would not otherwise exist.
   [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 1; Dec. Dig. § 1.*]

Appeal from Special Term, New York County.

Action by Morris H. Cohen against Nathaniel Fisher & Co. and others. From an interlocutory judgment overruling the demurrer to the complaint, Nathaniel Fisher & Co. appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edgar N. Dollin, for appellant.
I. N. Jacobson, for respondent.

LAUGHLIN, J. The demurrer was interposed upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. The only theory upon which the learned counsel for the plaintiff attempts to sustain the complaint is that it states a cause of action for conspiracy, and that an action will lie against two or more persons to recover damages for acts done by one of them pursuant to a conspiracy with the other or others, where an action could not be maintained against any of them for the same acts committed without a conspiracy with others. No statute conferring a cause of action or prohibiting the acts is cited in support of the action, and the learned counsel for the plaintiff evidently relied upon the common law, and cites Place v. Minster, 65 N. Y. 89, Verplanck v. Van Buren, 76 N. Y. 249, Buffalo Lubricating Oil Co. v. Everest, 30 Hun, 588, Park v. Nat. Association, 30 App. Div. 508, 52 N. Y. Supp. 475, and Greene v. Davies, 100 App. Div. 359, 91 N. Y. Supp. 470, which was reversed, 182 N. Y. 499, 75 N. E. 536, as authority to support his contention. In Greene v. Davies, supra, Chief Judge Cullen, writing for the court, said:

"There may be cases where acts committed in pursuance of a combination of a number of persons to injure a third person are actionable, while the same acts, if done by a single individual, acting without such concert, would not be actionable. Such cases may be termed actions for conspiracy, but where the conspiracy results in the commission of that which would be an actionable tort, whether committed by one or by many, then the cause of action is the tort, not the conspiracy."

It has long been the settled law that the basis and gist of an action for conspiracy are the damages occasioned by the wrongful act of one or more persons, and that the only materiality of the allegations with respect to the conspiracy or combination with those who were not the direct actors is to connect them with and make them responsible for the acts of the others. Hutchins v. Hutchins, 7 Hill, 104; Cooley on Torts (2d Ed.) 143, 144; Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376. The acts which it is alleged resulted in the damages in the case at bar were committed by the defendant Taylor, and they consisted, first, in filing a petition in bankruptcy against the plaintiff in the

District Court of the United States for the Eastern District of New York, and filing on the same day with the same court a petition for the appointment of a receiver of the plaintiff's property on the ground that he was "removing" his property, and that, unless a receiver was appointed, the balance of his property would be "removed and that the creditors would receive nothing on account of their respective claims," and that, pursuant thereto, a receiver was appointed, and that the plaintiff was thereby obliged to employ an attorney and interpose an answer and defend the bankruptcy proceeding, and did so with the result that upon the trial the petition was dismissed on the merits. The allegations with respect to the damages are that plaintiff was put to great trouble, inconvenience, and expense in procuring witnesses and employing counsel to defend the bankruptcy proceedings, and was deprived of the use of his property for a period of 34 days, and that "his credit and business were ruined, and that he suffered injury to his good name, fame, and standing, and otherwise, in all to his damage in the sum of $15,000." Under the well-settled rule these allegations are insufficient to admit proof of special damages, and would only authorize a recovery of general damages. It is not alleged that Taylor knowingly made any false allegations in either petition to the federal court, nor is it even expressly alleged that any of the allegations contained in either petition were false. It does not appear upon what ground the bankruptcy proceeding was dismissed. It may have been for the insufficiency of the allegations of the petition, and it may have been for want of satisfactory proof of some material allegations.

The complaint, however, fails to charge or show either malice or want of probable cause on the part of Taylor in instituting the bankruptcy proceeding, or in applying for the appointment of the receiver, and therefore it cannot be sustained as sufficient if the action is to be regarded as one for malicious prosecution. It is true it is alleged that the application to have him adjudicated a bankrupt and for the appointment of a receiver was made without cause, but those allegations would be true if he had probable cause, but, upon a full hearing, it developed that the appearances upon which he acted and which would have warranted a man of reasonable prudence in proceeding thereon turned out to be groundless in fact. Burt v. Smith, 181 N. Y. 1, 73 N. E. 495. The complaint alleges malice in assigning claims to Taylor, but that caused no damage. If he had probable cause, his motive was immaterial, but, of course, the proceeding having terminated, if he acted without probable cause and his course of conduct was instigated by malice, then the case might be regarded as one for malicious prosecution, and he would be liable for the damages which were the proximate cause of his acts. Wass v. Stephens, 129 N. Y. 123, 127, 28 N. E. 21; Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116. It is quite clear therefore that, if the allegations with respect to the conspiracy, be eliminated, no cause of action even against the defendant, who committed the acts which resulted in the damages to the plaintiff, is alleged; and, as already observed, the learned counsel for the plaintiff evidently appreciated this, and bases his right to recovery upon the allegations with respect to a conspiracy.

It is alleged in the complaint that the acts of Taylor in presenting the petitions were instigated by the other defendants, and were committed pursuant to an understanding and agreement which is characterized as a conspiracy between them to injure the plaintiff in his business. If the complaint stated a good cause of action against Taylor, these allegations would be sufficient to show a cause of action against the other defendants, for they would admit of proof connecting them with the acts which resulted in the damages. If it were a crime for two or more individuals to combine or conspire to do an act which one of them might lawfully do and this fell within such prohibited acts, it is quite probable that the filing of the petitions would sufficiently constitute overt acts, and it may be that the case then would be one of the class to which Judge Cullen alluded in the opinion quoted. It may well be that where a statute makes an act by two or more individuals unlawful, which, if committed by one, would not be unlawful, that this would give rise to a cause of action for the damages resulting from the execution of the conspiracy, even though there would be no cause of action for the same acts committed by one of the parties to the conspiracy, but, as already observed, no statute is cited, and we have found none, which prohibits the acts which it is charged were done by the defendants or by the defendant Taylor. The allegations of the complaint are insufficient—it is not even claimed that they are sufficient—to show the commission of the crime of conspiracy as defined in sections 168 and 169 of the Penal Code, now sections 580 and 581 of the penal law (Consol. Laws, c. 40), and section 170 of the Penal Code, now section 582 of the penal law, provides that no conspiracy is punishable criminally unless it is one of those enumerated in section 168 or 169 thereof.

The only subdivision of section 168 of the Penal Code which bears at all on the question is subdivision 3, which makes it a misdemeanor for two or more persons to conspire "falsely to institute or maintain an action or special proceeding." Assuming without deciding that this would apply to a proceeding in bankruptcy, it is not alleged that defendants conspired or agreed to falsely institute a proceeding, for it does not appear but that from their standpoint the facts warranted the institution of the proceeding in bankruptcy, and it is not alleged that they agreed to misstate the facts or resort to perjury or to misrepresent anything to the court (People v. Flack et al., 125 N. Y. 324, 26 N. E. 267, 11 L. R. A. 807; Abbott's Law Dictionary, p. 448, definition of "false"), and therefore, even if the action could be maintained, if the facts alleged showed the commission of a crime or were prohibited by law, it does not appear by the allegations of the complaint that the defendant committed the crime of conspiracy, or that the acts which they did or caused to be done were prohibited by law. The cases herein cited, particularly Verplanck v. Van Buren and Buffalo Lubricating Oil Co. v. Everest, as being those relied upon by counsel for the plaintiff, might sustain the action without proof of want of probable cause if it were alleged that the defendants agreed to resort to perjury or to mislead the court or misrepresent any material facts and that one of them at the instigation of all did so and that the

damages were caused thereby; but without some such allegation we have merely the case of two or more persons conspiring to do a lawful act in a lawful manner from which damages flow, and we are of opinion that in such case malicious motives and conspiracy do not give rise to a cause of action which would not otherwise exist. See Oakes v. Oakes, 55 App. Div. 576, 67 N. Y. Supp. 427, affirmed 167 N. Y. 625, 60 N. E. 1117.

It follows, therefore, that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to plaintiff to amend on payment of costs of the appeal and of the demurrer. All concur.