(174 App. Div. 227)

### MOMAND v. LANDERS et al.

(Supreme Court, Appellate Division, First Department. October 20, 1916.)

DAMAGES ⬥═6—CERTAINTY—OFFICER'S SUIT AGAINST DIRECTORS—SUBMISSION OF ISSUE—STATUTE.

    In an action under General Corporation Law (Consol. Laws, c. 23) § 90, by the vice president of a corporation against directors thereof for his exclusion from a proper share in the management of the company, the court, pursuant to subdivision 7, improperly ordered to be tried by the jury the issue of what damage the company had suffered from plaintiff's exclusion from its management, as any answer that the jury might make would have to be speculative in the last degree.

    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 5; Dec. Dig. ⬥═6.]

Appeal from Special Term, New York County.

Action by Ragland Momand, as director, vice president, and general manager of the Pressure Lighting Company, against George M. Landers and others. From an order directing questions of fact, claimed to be involved in the issues arising from the pleadings, to be tried by a jury, defendants appeal. Order modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

Henry M. Earle, of New York City, for appellants.

Frank R. Greene, of New York City, for respondent.

SMITH, J. This action is brought under section 90 of the General Corporation Law, which provides for an action against officers of a corporation for neglect and misconduct. The appeal is by the defend-

ant from an order of Special Term settling issues to be tried by a jury under subdivision 7 of section 90. That subdivision reads as follows:

"The court must, upon the application of either party, make an order directing the trial by a jury of the issue of neglect or failure of defendants to perform their duties; and for that purpose the questions to be tried must be prepared and settled as prescribed in section 970 of the Code of Civil Procedure."

The chief grievance of the plaintiff, as indicated in his complaint, seems to be that he was excluded by the two defendant directors from what he deemed to be a proper share in the management of the corporation, and damage is alleged in a general way as resulting from his exclusion. Further matters are also alleged, wherein it is claimed that the defendants neglected to perform their full duty. The Special Term settled certain issues for the jury. Among those issues is included an issue as to whether the defendants neglected and failed to perform their duties as officers and directors of the company in attempting to remove the plaintiff from the office of vice president and general manager and causing said plaintiff to be excluded from the office of said company and prevented from freely and fully taking part in the control and management of said company, and was the business or property of the said company lost or wasted thereby. Assuming for the argument that the defendants did wrongfully attempt to remove the plaintiff and did wrongfully exclude him from participating in the management of the corporation, there is no practicable way of measuring any damage which could flow from such acts. It is impossible to tell in what way the business of the company would have been changed if this attempt had not been made or if the plaintiff had not been excluded from its management. We cannot conceive that a jury could in any way measure the damage to the corporation by the possible course that might have been taken had the defendants not attempted to remove the plaintiff and had the plaintiff been given further management of the corporation. Inasmuch, therefore, as any answer that the jury might make as to the extent of any damage which the corporation might have suffered would be to the last degree a speculative answer, we are of the opinion that it should not be presented for their determination.

The same objection lies to the first part of the sixth question. That question should be amended so as to leave out the first part thereof, and to read:

"Did the defendants neglect or willfully fail to reply or attend to letters, bills, complaints, and other business of the Pressure Lighting Company, and was the business or property of the Pressure Lighting Company, or some part thereof, lost or wasted thereby?"

The fifth question should also be slightly modified so as to leave to the jury to say only whether the defendants willfully failed to perform their duties in making the bid therein mentioned.

As thus modified, the order should be affirmed, without costs. Order to be settled on notice. All concur.