JOHN STAMABELIS, Plaintiff, v. NICK MICKROS and Others, Defendants.

Supreme Court, New York County, January 9, 1930.

*Charles J. Herson*, for the plaintiff.

*Santangelo & Lukas*, for the defendant Paxis.

TOWNLEY, J. Defendant Paxis moves under rule 112 of the Rules of Civil Practice to dismiss plaintiff's complaint for insufficiency. The complaint states that this defendant, with certain other of the named defendants, " did connive, confederate and conspire together without the knowledge of the plaintiff, in causing the defendant Nick Mickros to be evicted from the restaurant located at No. 220 Columbus avenue, Borough of Manhattan, New York City, and to have a lease for the said premises given to the defendant George Paxis." No charge is made that this defendant acted unlawfully or wrongfully or violated any contract obligation or other duty he owed to the plaintiff. Paxis had nothing to do with the sale agreement made between plaintiff and Mickros. That contract as alleged in the complaint was made without any security either by guaranty or chattel mortgage for the payment of the notes representing the sale price of the plaintiff's interest in the two restaurants. No facts are stated which tend to support a charge of conspiracy. It is not alleged that these defendants combined and acted in concert with a unity of design for a common purpose to do any unlawful act or to accomplish a lawful act by unlaw-

ful means. (*Russell & Sons* v. *Stampers & Gold Leaf Local Union No. 22,* 57 Misc. 96.)

That two or more persons combined to act in concert to do a lawful act in a lawful manner gives rise to no cause of action though damage results, and this is so even though they act with malicious motives. (*Cohen* v. *Fisher & Co.,* 135 App. Div. 238.) The gist of an action for conspiracy is damage, and, unless the plaintiff has been legally damaged, whatever the defendants may have done pursuant to a wrongful conspiracy is of no importance. (*Place* v. *Minster,* 65 N. Y. 89; *Hutchins* v. *Hutchins,* 7 Hill, 104.) Up to the time plaintiff commenced this action, he had sustained no legal damage. Plaintiff, in his complaint, charges that the actions of the defendants complained of were done for the sole purpose of preventing him from collecting the sum of $6,450 due him in the future from Mickros under the sale agreement. Nevertheless, up to the time of the commencement of this action, every stipulated installment payment had been made, and Mickros was not in default.

Motion is granted, and complaint is dismissed, with costs of action and ten dollars motion costs, with leave to the plaintiff, if so advised, to serve an amended complaint within fifteen days after the service of a copy of this order, with notice of entry, upon payment of ten dollars motion costs. Order signed.