ADDIE H. RHODES, Appellant, *v.* THE OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, Respondent.

Fourth Department, May 11, 1932.

*Nevins & Nevins* [*Henry P. Nevins* of counsel], for the appellant.

*Donovan & Raichle* [*Frank G. Raichle, J. C. Randal* and *P. J. Snyder* of counsel], for the respondent.

THOMPSON, J. Upon the trial of another action in which she was also plaintiff, plaintiff in this action recovered a verdict of $2,000. Upon her motion the trial court set aside the verdict as inadequate. Thereafter plaintiff and defendant in that action entered into a stipulation by which a retrial of the action by jury was waived, and the issues were submitted to the justice presiding at the trial upon the testimony already taken. Proceeding under this stipulation, the trial court decided the case in favor of plaintiff and awarded her damages in the sum of $15,000. Judgment was entered for this amount and costs, and an execution duly issued against the defendant therein, which was later returned wholly unsatisfied. Plaintiff then brought this action against defendant insurer under section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639).

The defendant in its amended answer asserted as a defense and counterclaim that plaintiff and her attorney and defendant and his attorney, in the previous action, for the purpose of procuring a much larger verdict, and to enforce payment of it against defendant, entered into a conspiracy to waive a jury trial of the issues in that action, after the verdict had been set aside, and to submit such issues, upon the evidence presented at the trial, to the trial justice who presided. Plaintiff moved at Special Term to strike out this defense and counterclaim upon the ground, among others, that it was insufficient in law. The Special Term denied the motion, whereupon plaintiff appealed to this court.

Conspiracy to commit an actionable wrong is not in itself a cause of action. To sustain the counterclaim we must be able to find in the answer allegations of wrongful acts which have been committed and which have resulted in injury to the person bringing the action. The liability is for damages in the commission of a wrongful act, or of a legal act by wrongful means, and not for the agreement to commit it. Hence the unlawful act must be charged in the pleading, and it must also be charged that it was performed to the party's damage. From these considerations it follows that an action does not lie when two or more persons agree to do a lawful act in a lawful manner and cause damage thereby, even though they may have acted with a malicious motive. (*Cohen* v. *Fisher & Co.*, 135 App. Div. 238; *Moskin* v. *Lyden*, 200 id. 304, 306; *Miller* v. *Spitzer*, 224 id. 39; *Green* v. *Davies*, 182 N. Y. 499, 504.)

Defendant has failed to allege the commission of any acts on the part of plaintiff, or those acting for her or with her, which are illegal or the commission of any legal act in an unlawful manner.

The answer alleges no breach of faith by insured toward insurer. The parties had a definite legal right to submit their differences to the trial court, and the trial court was legally required to determine the controversy when submitted. It is not claimed nor is there anything in the record from which it can be inferred that the trial court acted improperly in any respect in his conduct of the case. The pleading is barren of allegations showing illegal or improper agreement or acts.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the plaintiff's motion to strike out the fourth, fifth, sixth, seventh, eighth, ninth and tenth paragraphs of defendant's amended answer should be granted, with ten dollars costs, with leave to defendant to serve a further amended answer within twenty days after payment of costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the defendant to plead over within twenty days on payment of the costs of the motion and of this appeal.