MELVIN HERMAN, Respondent, *v.* ALBERT K. GUTMAN and Others, Appellants.

First Department, June 14, 1935.

*Milton W. Levy* of counsel [*Harold Frucht* with him on the brief; *Edward J. Gould*, attorney], for the appellants.

*Jonas J. Shapiro* of counsel [*Jerome Handler* with him on the brief; *Robert Aronstein*, attorney], for the respondent.

MERRELL, J.  We are of the opinion that the complaint herein is insufficient, and that the Special Term should have granted the motion of the defendants for judgment on the pleadings.

Plaintiff seeks to recover of the defendants the sum of $25,000 damages which plaintiff alleges he sustained as the result of a conspiracy between the defendants whereby the plaintiff alleges he was excluded from participation in the management and control of the affairs and business of a corporation known as Stern & Gutman, Inc.  In his complaint the plaintiff alleges that prior to April 3, 1933, he was associated with the defendants Gutman and Morton F. Stern as stockholders and directors in said corporation, and that the plaintiff was and still is the owner of 215 shares of the preferred non-voting stock and 100 shares of class B common non-voting stock of the said corporation; that prior to said date the relationship between the plaintiff and the defendants Gutman and Morton F. Stern was friendly.  Plaintiff then alleges that on or about April 3, 1933, he refused to accede to certain demands and requests made by the defendants Gutman and Morton F. Stern,

and that thereupon the said defendants connived, confederated and conspired to and with each other for the purpose of depriving plaintiff herein of certain rights to which he was and still is lawfully entitled by virtue of his holding office as a director and officer of said corporation. The overt acts charged by plaintiff to have been committed by the defendants were that, pursuant to said conspiracy, the defendants, or some of them, prepared and executed a false and fraudulent certificate and filed the same with Irving Trust Company alleging the adoption of purported resolutions concerning the execution of negotiable instruments and the authority of officers of said corporation to sign the same for the withdrawal of the funds of said corporation on deposit with the said Irving Trust Company, and filed said certificate with said trust company; that the said defendants notified said trust company in writing that the plaintiff herein was no longer connected with the said corporation, and prepared and placed in the minute book of the said corporation a false record of alleged minutes of purported meetings of the board of directors of the said corporation purporting to contain the resignation of the plaintiff as a director and officer of said corporation; circulated false rumors in and about the firms and concerns with whom the said corporation was doing business to the effect that plaintiff herein had resigned as an officer and director of said corporation and was no longer connected with its business; issued a false statement to a credit agency setting forth, in effect, that plaintiff herein was no longer connected as a director and officer of Stern & Gutman, Inc. Plaintiff further alleges that, pursuant to such conspiracy between the defendants herein, the defendants physically excluded the plaintiff from participation in the management and control of the affairs and business of said corporation against plaintiff's consent, and refused to allow plaintiff to participate in the business and affairs of said corporation or to examine the books, records and documents of said corporation as a director and officer thereof. Plaintiff then alleges generally that by reason of the acts of the defendants as aforesaid, pursuant to the conspiracy alleged in the complaint, the plaintiff has been damaged in the sum of $25,000. The complaint is entirely barren of any allegation of facts showing that by reason of the alleged wrongful acts of the defendants plaintiff suffered damage. While plaintiff does allege in his complaint that by reason of such conspiracy the plaintiff has been damaged in the sum of $25,000, no facts whatever showing how or in what manner the plaintiff has suffered any damages are alleged. It does not appear from the allegations of the complaint that plaintiff's directorship in the corporation, of which he claims the acts of the defendants deprived

him, was of any financial or other advantage to him. Indeed, directors, as such, of a corporation serve without compensation. In *Fox* v. *Arctic Placer Mining & Milling Co.* (229 N. Y. 124) the Court of Appeals (at p. 128) stated: " It is a well-settled rule that directors and officers of a corporation serve without compensation for performing the usual and ordinary duties of their offices, unless an express provision is made therefor either by statute, charter, by-laws or agreement." No facts are stated in the complaint taking the plaintiff's directorship out of the general rule.

Conspiracy of itself does not constitute a cause of action. Before there can be any recovery had in an action based upon conspiracy, it must appear that the plaintiff has been damaged. The damages suffered constitute the cause of action, and not the conspiracy. As was said in the case of *Rhodes* v. *Ocean Accident & Guarantee Corp., Ltd.* (235 App. Div. 340, 341): " Conspiracy to commit an actionable wrong is not in itself a cause of action. To sustain the counterclaim we must be able to find in the answer allegations of wrongful acts which have been committed *and which have resulted in injury to the person bringing the action.* The liability is for damages in the commission of a wrongful act, or of a legal act by wrongful means, and not for the agreement to commit it." (Italics are the writer's.)

In *Momand* v. *Landers* (174 App. Div. 227) the Appellate Division wrote as follows: " The chief grievance of the plaintiff as indicated in his complaint seems to be that he was excluded by the two defendant directors from what he deemed to be a proper share in the management of the corporation, and damage is alleged in a general way as resulting from his exclusion. * * * *Assuming for the argument that the defendants did wrongfully attempt to remove the plaintiff and did wrongfully exclude him from participating in the management of the corporation, there is no practicable way of measuring any damage which could flow from such acts.*" (Italics are the writer's.)

The rule as to the method of alleging damage in a conspiracy action is correctly set forth in 12 Corpus Juris, 631, as follows:

" § 218. Method of alleging damages. In alleging damage it is not sufficient simply to state that damage did in fact result; but the facts should be alleged from which the court can see, if the facts are true, *that damage would naturally or possibly result from the act stated.*" (Italics are the writer's.)

From the authorities cited it clearly appears that the plaintiff has failed to state in his complaint that he suffered any damage by reason of the alleged wrongful acts of the defendants. All that appears from the complaint is that by reason of such acts of the

defendants the plaintiff was deprived of serving as a director and officer of the said corporation.

We are, therefore, of the opinion that the complaint fails to state facts sufficient to constitute a cause of action, and that the order denying the defendants' motion for a judgment on the pleadings should be reversed, with twenty dollars costs and disbursements, and the defendants' motion granted, with ten dollars costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.