KINGSTON AVENUE WINES AND LIQUORS CO., INC., Plaintiff, *v.* FEDERATED LIQUOR PACKAGE STORES OF KINGS COUNTY, INC., and Others, Defendants.

Supreme Court, Special Term, Kings County, December 23, 1938.

MOTION by plaintiff for injunction *pendente lite.*

MOTIONS by certain defendants to dismiss complaint.

*Smith & Smith,* for the plaintiff.

*Arthur A. Kestler,* for the named defendant and for Gerald F. Dunne, its president.

*Morris A. Edelman,* for the defendants Standard Food Products Corporation and Equitable Trading Corporation.

*Albert C. Drucker,* for the defendant Capitol Wine and Spirit Corporation.

*Sol. Koenigsberg,* for the defendant Milton Ansorge.

*David Schloss,* for the defendant Marcel Kroul.

*Glatzer & Glatzer,* for the defendant Distillers Exchange, Inc.

*Mintzer & Todarelli,* for the defendant Prendergast-Davies Co., Ltd.

*Henry Silverman,* for the defendant Empire Liquor Corporation.

*Weisman, Celler, Quinn, Allan & Spett,* for the defendant Capitol Distributors Corporation.

*Levin & Weintraub,* for the defendant R. C. Williams Co., Inc.

*Leon Burke,* for the defendant Baldwin Liquors Corporation.

*Morris O. Alprin,* for the defendant Standard Wine & Liquor Co., Inc.

*Henry Braverman,* for the defendant McKesson & Robbins, Inc.

*Monroe & Byrne,* for the defendant Henry Kelly & Sons, Inc.

*Ehlerman & Crawford,* for the defendant Austin, Nichols & Co., Inc.

KADIEN, J.   In an action for an injunction and for damages for an alleged conspiracy to boycott the plaintiff, a retail liquor dealer, and prevent it from doing business, the plaintiff moves for an injunction *pendente lite.*

The action is brought against seventeen wholesale dealers and distributors of liquor, called "sources of supply," and Federated Liquor Package Stores of Kings County, Inc., a membership corporation, which is a trade association consisting of retail liquor dealers, and two individual officers thereof, as well as one Milton Ansorge, the alleged secretary of an alleged voluntary association of wholesale liquor dealers doing business in the city of New York, commonly known as "The Joint Liquor Council."

A number of the seventeen wholesale dealers and distributors have moved to dismiss the complaint for legal insufficiency. The defendants Federated Liquor Package Stores of Kings County, Inc., and its individual officers as well as the defendant Ansorge, have likewise moved to dismiss the complaint.

In substance, the plaintiff alleges that it has been unable to purchase liquor from the defendant wholesalers and distributors because of an alleged illegal conspiracy among the defendants to boycott the plaintiff. It is charged that after the plaintiff had refused to become a member of the trade association it and its officers conspired together and approached each of the distributors and wholesalers mentioned in the complaint to cease to deal with the plaintiff and refuse to accept from it any orders and to deliver any merchandise; that the refusal to sell and deliver such merchandise to the plaintiff was due to the acts of conspiracy of the trade association and its officers, who "solicited and approached or called upon their codefendants, the said 'sources of supply,' and by means of threats, intimidation and persuasion, with members of the defendant Federated Liquor Package Stores of Kings County, Inc., acting in concert, to cease to do any business with or make any purchase of any merchandise from the said 'sources of supply,' coerced and compelled the said 'sources of supply' to desist from trading with the plaintiff or to deal with it in any way, manner, shape or form, or to boycott the plaintiff and to discriminate unlawfully against the plaintiff."

It thus appears from the plaintiff's own pleading that the seventeen defendants designated in the complaint as "sources of supply" were themselves coerced by the trade association and its individual officer entered into the alleged conspiracy. If they were coerced, and we must assume that they were since upon a motion of this character the allegations of the complaint must be deemed to be true, these defendants had no freedom of choice in entering into the alleged conspiracy. (*Von Au* v. *Magenheimer*, 126 App. Div. 257, 266; affd., 196 N. Y. 510.) "A conspiracy is constituted by an agreement" (*United States* v. *Kissell*, 218 U. S. 601, 608), and since the defendants are alleged to have been coerced into the

conspiracy charged in the complaint, they could not have agreed to it, and, hence, no cause of action is stated against them.

A mere refusal to maintain trade relations with an individual is not actionable, for " it is the well-settled law of this State that the refusal to maintain trade relations with any individual is an inherent right which every person may exercise lawfully, for reasons he deems sufficient or for no reasons whatever." (*Locker* v. *American Tobacco Co.*, 121 App. Div. 443, 451, 452; affd., 195 N. Y. 565.)

As to the defendant trade association and the individual officers thereof, the complaint is likewise insufficient. It does not contain allegations showing that the plaintiff's source of supply has been cut off by the acts of the defendants or even partially cut off or curtailed nor in what way it has sustained irreparable damage. As was said in *Rhodes* v. *Ocean Accident & Guarantee Corp.* (235 App. Div. 340, 341): " Conspiracy to commit an actionable wrong is not in and of itself a cause of action  *  *  *  we must be able to find  *  *  *  allegations of wrongful acts which have been committed *and which have resulted in injury to the person bringing the action.*" And in *Herman* v. *Gutman* (244 App. Div. 694) the rule as to alleging damage in conspiracy actions is stated as follows: " The rule as to the method of alleging damage in a conspiracy action is correctly set forth in 12 Corpus Juris, 631, as follows: ' § 218. Method of alleging damages. In alleging damage it is not sufficient simply to state that damage did in fact result; but the facts should be alleged from which the court can see, if the facts are true, *that damage would naturally or possibly result from the acts stated.*' "

The motions to dismiss the complaint for legal insufficiency are, consequently, granted, with leave to plead over within twenty days of the service of a copy of the order to be entered hereon and the motion for an injunction is in all respects denied.