EDMOND B. BRONSON, Suing on Behalf of Himself and All Stockholders of BAGDAD COPPER CORPORATION, Similarly Situated, Plaintiff, *v.* SEVERANCE A. MILLIKIN, H. VICTOR SCHWIMMER, GEORGE S. PARLIN and BAGDAD COPPER CORPORATION, Defendants.

Supreme Court, Special Term, New York County, November 1, 1939.

*Jacob M. Mandelbaum*, for the plaintiff.

*Cravath, de Gersdorff, Swaine & Wood* [*Thomas A. Halleran* of counsel], for the defendant Severance A. Millikin.

*John T. Cahill*, United States Attorney for the Southern District of New York [*Chester T. Lane*, General Counsel to the Securities and Exchange Commission; *Lawrence S. Lesser* and *Parker Bailey*, Attorneys for the Securities and Exchange Commission, and *William F. Young*, Assistant United States Attorney, of counsel], for the defendants H. Victor Schwimmer and George S. Parlin.

McLAUGHLIN, J.   This is a motion to dismiss the complaint made by the defendants Schwimmer and Parlin.

The complaint alleges that " plaintiff has made no demand upon the corporate defendant or its directors to institute this action on behalf of such corporate defendant because all of said directors are nominees of the defendant Millikin and as such are under his domination and control, thus rendering any such demand futile." Such an allegation does not state facts sufficient to excuse plaintiff's failure to make a demand upon the directors of the corporation. In *O'Connor* v. *Virginia Passenger & Power Co.* (184 N. Y. 46) an allegation that certain directors were " subservient to the domination and dictation of said Frank Jay Gould and Helen Miller Gould " was insufficient to excuse the plaintiff's failure to make demand upon such directors.   The court said (at p. 53): " Nor is the allegation that the new directors were ' subservient to the domination and dictation of said Frank Jay Gould and Helen Miller Gould ' sufficient to prove that they would not prosecute against the Goulds a well-founded cause of action.   It is not necessarily through dishonest or improper motives that persons may be subject to the domination and dictation of others.   If the directors were the same as those who committed the wrongs, or if they were acting fraudulently, dishonestly or collusively with the Goulds for the purpose of defrauding the corporation in the latter's interest, it was very easy to say so and there is no reason why the charge should not be explicitly and unequivocally made.   In *Brewer* v. *Boston Theatre* (104 Mass. 378) the allegation was ' that the present board of directors of said defendant corporation are united in the interest of and under the control of said Tompkins and Thayer.'   This was held insufficient, the Supreme Court saying: ' It does not show that such an application upon a suitable representation of facts, would prove unavailing.' "

The mere fact that the corporate directors may have been animated by the defendant Millikin does not in itself establish that they would refuse to commence an action against him or the other

defendants for wrongs done to the corporation. There is no charge that a majority of the *present* directors participated in the alleged wrongdoing pleaded in the complaint or that they were included among the " co-conspirators " referred to therein. The claim in plaintiff's brief that the complaint characterizes the directors as co-conspirators of Millikin is not supported by the allegations of the complaint itself. Moreover, it does not even appear that the majority of the present directors were directors at the time of the acts complained of. The complaint is insufficient for failure to allege facts adequate to justify or excuse the plaintiff's failure to make demand upon the corporate directors before the commencement of the action.

The complaint is also defective in that insufficient facts to make out a cause of action in favor of the corporation are set forth. The allegations regarding the ousting of plaintiff from the management of the corporation and the false statements claimed to have been circulated regarding plaintiff, although they may perhaps state a cause of action in favor of the plaintiff as an individual, do not make out a cause of action in favor of the corporation for damage to the latter. (See *Momand* v. *Landers,* 174 App. Div. 227.) Nor do allegations that acts were committed which resulted in the reduction of the market value of the corporate stock make out a cause of action in favor of the corporation as distinguished from its stockholders as individuals. (See *Kavanaugh* v. *Commonwealth Trust Co.,* 181 N. Y. 121; *Ringler* v. *Jetter,* 206 App. Div. 478.)

The only allegations in the complaint which might indicate the possibility of damage to the corporation itself are conclusions unsupported by ultimate facts. The allegations regarding the proceedings which resulted in a " stop order " made by the Securities and Exchange Commission do not establish wrongdoing on the part of the defendants, there being no allegations sufficient to show that the " stop order " would not have been lawful and proper even without the plaintiff's consent. The advice given by counsel, referred to in paragraph " Thirty-Second " of the complaint, may have been erroneous. The charge that defendants were guilty of improper and wrongful conduct as a result of which the corporation was prevented from obtaining the necessary financing is not substantiated by the allegations of the complaint. The allegations in paragraph " Forty-First " of the complaint charging negligent, inefficient and incompetent operation of the mine and removal of records are also conclusions without facts to back them up. The allegation of paragraph " Fiftieth " regarding the suspension of operations is insufficient in itself to establish wrongdoing to the damage of the corporation, there being nothing in the complaint

to indicate that operations had been profitable up to the time of the suspension or that the corporation was damaged by reason of the cessation of operations. It is also alleged that $600,000 was necessary to enable the corporation to resume and continue operations, and there are no allegations in the complaint which sufficiently establish that the defendants prevented the corporation from obtaining necessary financing through improper and wrongful means. (As previously pointed out, the " stop order " issued by the Securities and Exchange Commission may, for aught that appears in the complaint to the contrary, have been justified by the facts and circumstances, even without the consent to the " stop order " which plaintiff claims he was induced to execute.)

The allegation in paragraph " Fifty-First," regarding a misappropriation of $3,000, is also a conclusion without ultimate facts to support it.

It would serve no useful purpose to discuss each and every allegation of the long complaint in detail. It is only necessary to state that eliminating therefrom allegations which have no place in a derivative action on behalf of the corporation, such as charges that plaintiff was ousted from the management and that the market value of the stock was caused to depreciate, and considering only allegations tending to show damage to the corporation itself, we find that such allegations are conclusory in character and fail to set forth ultimate facts establishing corporate damage.

It may be that the defendants Schwimmer and Parlin are immune from this suit. There is much to be said in favor of that view. However, proof by statutes and decided cases would be required as to the actual duties of the attorneys for the Securities and Exchange Commission and their connection with our government. At any rate further laws and authorities would have to be submitted. As the plaintiff is given an opportunity to serve an amended complaint, that question may be more fully argued *de novo* if such a pleading is served.