SAMUEL SCHUSSEL, Plaintiff, *v.* JAMAICA INVESTORS, INC., et al., Defendants.

Supreme Court, Special Term, Queens County, August 15, 1950.

*Freeman & Hyman* for plaintiff.

*Halperin, Natanson & Scholer* for defendants.

PETTE, J. Plaintiff instituted this action to recover the sum of $18,000, alleged damages sustained by him as a result of having been evicted by defendant, Jamaica Investors, Inc. He also seeks to recover against the individual defendants for alleged fraud in connection with the summary proceedings in the Municipal Court of the City of New York, Borough of Queens, Fourth District, resulting in a final order in favor of the corporate landlord, defendant herein, on April 5, 1948.

The complaint alleges five causes of action of which the first three are pleaded against the corporate landlord, the fourth against two of its officers and directors and the fifth against all of the defendants.

The gravamen of the complaint is that possession of the store premises was obtained from plaintiff for the purpose of demolition of the building containing that space and construction of a new building, and that the corporate defendant allegedly failed to start the demolition of the building within ninety days after.

The answer and amendment thereto of defendants denies the material allegations of the complaint and sets forth additional defenses.

Testimony herein was duly taken at great length without a jury.

After full and careful consideration of the evidence, this court finds that the second, third, fourth and fifth causes of action of the complaint are wholly insufficient as a matter of law. It appears that plaintiff has attempted to allege causes of action other than that specifically granted by chapter 314 of the Laws of 1945, and amendments thereto, commonly referred to as the Business Rent Law.

In the absence of a statutory provision for the maintenance of an action for damages by a statutory tenant who has been removed from possession by a landlord who, thereafter, does not conform to the basis upon which possession was secured, *no action* may be instituted by the evicted tenant. (*David* v. *Fayman,* 273 App. Div. 408, affd. 298 N. Y. 669; *Rosenbluth* v. *Sackadorf,* 274 App. Div. 794, affd. 298 N. Y. 761.)

The inclusion of allegations of common-law fraud is of no avail, for there is " *in the absence of express statutory grant, no right of action at all.*" (*Rosner* v. *Textile Binding & Trimming Co.,* 300 N. Y. 319, 324; italics supplied.)

In the *Rosner case* (*supra*) Judge DESMOND, writing for the Court of Appeals, said, in part (pp. 322–323): " Plaintiffs say that their first cause of action is expressly authorized by subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.; also McKinney's Unconsol. Laws, § 8528, subd. [d]) and that the second cause of action in this complaint states a case in common-law fraud, independent of that statute. *Special Term held that plaintiffs had only the rights expressly granted by the statute, and that such rights did not include a right to damages, on the facts shown by this complaint. We agree with that holding.*" (Italics supplied.)

The Court of Appeals concluded (p. 324): " Plaintiffs argue, however, that regardless of the sufficiency of their first, or statutory, cause of action, they have pleaded, in their second count, a good common-law fraud case. *The decisions are to the contrary. David* v. *Fayman* (298 N. Y. 669) and *Rosenbluth* v. *Sackadorf* (298 N. Y. 761) necessarily mean that *no action for fraud arises from such facts.* Both those cases involved residential, not commercial, space, and, since those cases arose before the enactment, in 1948 (L. 1948, ch. 213), of section 1444-a

of the Civil Practice Act, residential tenants had no such right to sue as was, and is, given tenants of commercial property by the above-quoted subdivision (d) of section 8 of the Commercial Rent Law. Both plaintiff David and plaintiff Rosenbluth had been evicted from their statutory tenancies, on petitions containing knowingly false statements, by their respective landlords (defendants), that the landlord intended (in the *David* case, *supra*) himself to occupy the premises, or (in the *Rosenbluth* case, *supra*) to make alterations and improvements to the rented apartment. *The holding in each case was that a tenant, evicted as the result of such false allegations had, in the absence of express statutory grant, no right of action at all.*" (Italics supplied.)

The second and third causes of action alleged in the complaint herein attempt to set forth nothing more than the usual elements of common-law fraud. They are insufficient in law in the light of the authorities cited.

Of similar texture are the allegations contained in the fourth cause of action which seeks to charge the individual defendants-directors and officers of the corporate landlord, based upon the claim that they refused to permit the demolition and new construction.

An analysis of the chapter 314 of the Laws of 1945, and amendments thereto, shows clearly and concisely that only the " landlord   *   *   *   shall be liable " (§ 8, subd. c) in the event of a failure to " start demolition   *   *   *   within ninety days after the removal of the tenant " etc. *There is no expression of legislative intent to charge the individual corporate officers or directors with such liability in damages.*

The fifth cause of action in the complaint is likewise insufficient in law by reason of its repetition of the allegations of common-law fraud contained in the second and third causes of action, together with the combination of allegation of conspiracy. *Since the conspiracy alleged is the common-law fraud which is not actionable in the instant case, stating the allegations in terms of conspiracy adds nothing to the alleged cause of action. The mere existence of a conspiracy does not create a civil cause of action.* (*Kingston Ave. Wines & Liquors Co.* v. *Federated Liquor Package Stores of Kings Co.*, 170 Misc. 124; *Vaporate Co.* v. *Peerless Film Processing Corp.*, 77 N. Y. S. 2d 459; *Magonigle Trucking Co.* v. *Tambini*, 277 App. Div. 931; *David* v. *Fayman*, 273 App. Div. 408, affd. 298 N. Y. 669, *supra*.)

Plaintiff failed to sustain the statutory burden of proof that the corporate defendant did not "start the demolition of the building * * * within ninety days after the removal of the tenant." On the contrary, the testimony adduced upon the trial on behalf of the corporate defendant, established *that such demolition was commenced within the specified period,* although not completed at a later period. The record shows evidence by defendants' disinterested witness who testified unequivocally that he removed plumbing and other fixtures until the structure was ready for external demolition. Procurement of the demolition permit at a later date is of no significance since the statutory right invoked by plaintiff hinges upon the date of the actual demolition itself. Subsequent delay in construction of the new building was satisfactorily explained and established corporate defendant's reasonable diligence. (Cf. *Kaufman & Sons Saddlery Co.* v. *Miller,* 298 N. Y. 38; *Gilpin* v. *Mutual Life Ins. Co.,* 271 App. Div. 499, and *United Dye Works* v. *Scifo,* 190 Misc. 959.)

Accordingly, judgment is directed to be entered dismissing the complaint upon the merits as against all of the defendants.