IRENE HUFF, Plaintiff, *v.* MAUREL REALTY CORP. et al., Defendants.

Municipal Court of the City of New York, Borough of Manhattan, January 23, 1951.

*Maurice Grossman* for Maurel Realty Corp. and others, defendants.

*Nathan Copeland for plaintiff.*

SILVERMAN, J. This is a motion by defendants Maurel Realty Corp., Maurice Hochberg and Dennis Williams, three of the defendants named in this action, for judgment on the pleadings insofar as plaintiff's causes of action relate to, or apply to any date prior to October 26, 1949, in that the same did not accrue within one year before the commencement of plaintiff's action herein. The action was instituted on October 26, 1950.

The complainant alleges four causes of action. The first is an action for excess rent paid by plaintiff for certain rooms occupied by her for residential purposes between October 31, 1949, and April 30, 1950, based upon the claim that the rent paid during this period was in excess of the maximum legal rent established under the Federal Housing and Rent Act of 1947, as amended (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*). As to this cause of action, the motion is inapplicable in that it relates to excess rents paid subsequent to October 26, 1949.

The second cause of action is based upon fraud. The plaintiff alleges that prior to, at the time of, and after the rental and hiring of the various rooms, the defendants represented to the plaintiff the alleged maximum legal rent for each of said rooms; that said representations were false and untrue; that they were known by the defendants to be false and untrue when made; that they were made for the purpose and with the intent of deceiving and defrauding the plaintiff; that the plaintiff believed the said representations to be true and relied thereon and was thereby induced to pay unjust, unreasonable and oppressive rent. This cause of action covers a period for payment of alleged unjust and oppressive rent in excess of the maximum legal rents from May 18, 1948, to April 30, 1950.

In considering the sufficiency of the second cause of action, it must be borne in mind that under the Federal Housing and Rent Act of 1947, as amended (Act, 205; U. S. Code, tit. 50,

Appendix, § 1895) any action for overcharge in rent must be brought within one year after the date of the occurrence of the violation.

In *Paray Realty Corp.* v. *Goodwine* (194 Misc. 538) the court stated at page 539: '' Furthermore, with respect to the various counterclaims based upon alleged overcharges in rent, it is noted that any possible right of action predicated thereon accrues on the date of the overcharge and that suit must be brought within one year after the date of the violation.''

The time limitation created by the act is of the substance of the cause of action; the liability of the landlord and the rights of the tenant are concurrent; one does not exist without the other; when the liability ceases, the remedy ceases. At common law there existed no such cause of action.

In *Meyercheck* v. *Givens* (180 F. 2d 221, 223) the court stated: '' There is no provision either in the 1947 or the 1942 Act by which tenants are authorized to bring suits for restitution. The remedy provided, and the sole remedy, is an action for damages, but their right of recovery is limited to overcharges made ' within one year after the date of such violation.' For overcharges made prior to this one year period, the Act provides no remedy for the tenant and as to such overcharges there can, in our view, be no recovery.''

Insofar as alleged excess payments of rent are made for a period beyond the one-year limitation, there is no liability on the part of the landlord, either at common law or under the statute. (*Schussel* v. *Jamaica Investors, Inc.*, 199 Misc. 172.)

The plaintiff apparently realizing the dilemma in which she finds herself is attempting to create what appears to be a new cause of action. Counsel has not referred the court to any cases in this or any other jurisdiction in which a recovery has been allowed for overcharges of rent based upon fraud, nor has the court been able to find any such case. Under the law as interpreted by the courts, the sole remedy for the recovery of rental overcharges is for damages under the statute.

Moreover, inasmuch as the misrepresentations constituting the fraud alleged in the second cause of action are misrepresentations of the law, they are not actionable, even though false and fraudulent. (*De Franco* v. *Shedden*, 251 App. Div. 720; *Montkane Funds, Inc.* v. *Ruff*, 57 N. Y. S. 2d 208, affd. 269 App. Div. 1021; *Heller & Son, Inc.* v. *Lassner Co.*, 214 App. Div. 315.)

Furthermore, both parties are chargeable with knowledge of the law. The plaintiff knew or is chargeable with the knowledge

that she could have ascertained the maximum legal rent from the local office of the Housing Expediter. Therefore, she may not subsequently claim that she was legally misled by any misrepresentations with regard to the maximum legal rent. Hence, no misrepresentation by the defendant as to the maximum legal rent can be the basis of an action in fraud, whether the alleged damage suffered is based upon a statutory right or a common-law right.

The third cause of action is for money had and received, based upon misrepresentations alleged in the second cause of action.

For the reasons hereinbefore stated, the second and third causes of action are dismissed.

The fourth cause of action is not involved in this motion and does not affect the moving defendants.