Frank D. Paulo, J.
The defendants have moved for the dismissal of plaintiffs’ complaint on the ground the complaint does not allege facts sufficient to constitute a cause of action.
The plaintiffs have set forth three causes of action in their complaint. In the first cause of action the plaintiffs have alleged that they were tenants in an apartment at premises 941-46th Street, Brooklyn, New York; that the defendants acquired title to the premises on or about November 1, 1955. On December 6, 1955 an application was made to the Brooklyn local rent office of the Temporary State Housing Rent Commission by Vincent De Santis and the other codefendants for a certificate permitting the eviction of the plaintiffs, from the second floor apartment in order that that apartment might be occupied by Vincent De Santis. On January 31, 1956 a certificate was issued by the Brooklyn local rent office authorizing the eviction of the plaintiffs so that the apartment occupied by them might be used by Vincent De Santis and the members of his immediate family. Plaintiffs allege further that a summary proceeding was instituted in the Municipal Court of the City of New York, Borough of Brooklyn, Fifth District, in which the defendants asked that the plaintiffs be evicted from the second floor apartment in accordance with the terms and conditions of the certificate of eviction previously granted by the Brooklyn local rent office. A final order was granted in favor of the defendants landlords on May 11, 1956, which order provided for a stay of the issuance of the warrant of eviction until September 30,1956. The plaintiffs were compelled to move from the second floor apartment pursuant to this order of eviction. After the plaintiffs had moved from the apartment, instead of the apartment being occupied by Vincent De Santis, the defendants Joseph De Santis and his wife Josephine De Santis who had previously occupied the first floor apartment moved to the second floor apartment. The first floor apartment occupied by Joseph De Santis and his wife Josephine De Santis was rented to some third party. The plaintiffs claim that they have been damaged in the sum of $6,000 by virtue of the fraud practiced by these defendants in obtaining the certificate of eviction and the order of eviction.
The plaintiffs have predicated their right to recover on subdivision 6 of section 5 of the State Residential Rent Law, as amended by chapter 755 of the Laws of 1957. This amendment became effective June 30, 1957. All of the facts alleged by the plaintiffs clearly point to the conclusion that the alleged wrong *224 ful eviction preceded the effective date of the statute. In construing section 1444-a of the Civil Practice Act which was almost identical in its terms to the new provisions of the State Residen - tial Rent Law, the court in David v. Fayman (273 App. Div. 1008) held that such a statute cannot be retroactively applied. The plaintiffs being statutory tenants are only entitled to relief by virtue of some statutory grant of a remedy. Absent any statute conferring upon statutory tenants the right to sue for damages by virtue of a wrongful eviction, no such right exists.
The plaintiffs in a second cause of action have incorporated by reference all of the allegations made in the first cause of action, including their right to recover under the State Residential Rent Law, effective June 30, 1957. In addition, the plaintiffs have set forth a claim based upon fraudulent representations made by the defendants to the damage of the plaintiffs. If these plaintiffs have a right to recover by virtue of any false representations made by the defendants in obtaining a certificate of eviction and an order of eviction, this right is purely a creature of the statute and does not exist independently thereof. (See David v. Fayman, 298 N. Y. 669; Rosenbluth v. Sackadorf, 298 N. Y. 761; Rosner v. Textile Binding & Trimming Co., 300 N. Y. 319; Magonigle Trucking Co. v. Tambini, 302 N. Y. 617; Drinkhouse v. Parka Corp., 3 N Y 2d 82, 87, 88; Schussel v. Jamaica Investors, 199 Misc. 172.)
Since all of the causes of action alleged by the plaintiffs in part make reference to a statute that cannot be retroactively applied to the facts set forth in the plaintiffs’ complaint, the motion to dismiss the complaint must be granted. Plaintiffs may have some other remedy under former section 1444-a of the Civil Practice Act. The plaintiffs are given leave, if so advised, to serve an amended complaint within 10 days after the entry of an order hereon.