■ BETTY A. CONWELL, an Infant, by BETTY CONWELL, Her Guardian ad Litem, Respondent, v. MANOU PARTOW et al., Appellants.— In an action, in which the original complaint pleaded five causes of action for libel and slander, and in which the supplemental complaint (served pursuant to court order) pleaded a sixth cause of action arising out of defendants' collusive conduct in instituting an action for divorce by the female defendant against the male defendant based upon a fraudulent claim that he had committed adultery with plaintiff, the defendants appeal from an order of the Supreme Court, Nassau County, dated July 5, 1962, which denied their motion to dismiss for patent insufficiency the said sixth cause of action alleged in the supplemental complaint (Rules Civ. Prac., rule 106, subd. 4). On a prior appeal, the sufficiency of the third cause of action was sustained (16 A D 2d 825). Order affirmed, with $10 costs and disbursements, with leave to defendants to serve their answer to the supplemental complaint within 20 days after entry of the order hereon. The sixth cause of action alleges in substance that, "for the sole purpose of inflicting damage upon the infant plaintiff", the defendants (husband and wife) unlawfully conspired for the wife to institute a divorce action against the husband based on knowingly false charges that he committed adultery with the present infant plaintiff; that such divorce action was subsequently commenced; and that it was discontinued "with prejudice"; The order of the court on the discontinuance provided, in effect, that such order shall have the effect of a judgment on the merits in favor of the infant plaintiff respecting all the allegations of adultery against her set forth in the complaint in said divorce action. A cause of action such as the sixth may not only be maintained, but is here sufficiently alleged (Schauder v. Weiss, 88 N. Y. S. 2d 317, affd. 276 App. Div. 967; Verplanck v. Van Buren, 76 N. Y. 247; Cohen v. Fisher & Co., 135 App. Div. 238, 243). Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.

■ MARY S. DI LEO, Also Known as MARY S. SHEPHERD, Appellant, v. H. NORRIS SHEPHERD, Respondent.— In an action by a former wife against her former husband, in which she alleged three causes of action: (1) to enforce a separation agreement between them insofar as it requires him to support their four children in an amount "commensurate" with his earnings and income; (2) to declare the quantum of such amount; and (3) to compel defendant to constitute her the irrevocable beneficiary for the benefit of said children of two certain life insurance policies, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated January 24, 1962, which: (a) denied her motion for summary judgment striking out the defendant's answer; and (b) granted such judgment to the defendant, dismissing each cause of action alleged in the complaint (Rules Civ. Prac., rule 113). Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.