Arnold L. Fein, J.
This is a motion to dismiss pursuant to CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action, or, in the alternative, for summary judgment.
Plaintiffs, who were tenants of a building owned by defendant C P 68 Corp., allege in their first cause of action for treble damages against C P 68 Corp., only, that they were unlawfully evicted from the premises. Eviction was based on certificates of eviction issued by the Local Rent Administrator of the Temporary State Housing Rent Commission, on landlord’s representation that it desired in good faith to obtain possession of the premises for immediate demolition and construction of a new dwelling containing substantially more housing accommodations. Plaintiffs allege that landlord failed to demolish the subject premises within six months after their eviction and failed to erect a new structure within 90 days after demolition.
This cause of action is predicated on section 5 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.), which provides that a landlord, who obtains such certificates of eviction and fails to complete demolition within six months, or *858 having demolished the premises, fails to proceed with new construction within 90 days after completion of such demolition, “ shall unless for good cause shown, be liable ” to an evicted tenant for treble damages, attorney’s fees and costs.
The second cause of action incorporates the first cause of action and further alleges that: (1) the individual moving defendants were ‘ ‘ interested in the defendant corporation either as stockholders, officers, directors, sponsors or by virtue of other contractual relationship (2) defendant landlord conveyed said premises to defendant, Central Park Towers Construction Corp. which had knowledge of the facts; (3) all of the defendants conspired together for the purpose of procuring the eviction of plaintiffs and other tenants from the premises; (4) the individual defendants represented and warranted to the Temporary State Housing Bent Commission that they would make available to defendant landlord their individual and personal assets which would be required by the landlord to carry out the demolition and new construction; and (5) the Bent Commission issued the certificates of eviction solely in reliance thereon.
In the second cause of action, plaintiffs demand $200,000 damages against the individual defendants and treble damages against Central Park Towers Construction Corp.
It is undisputed that defendant C P 68 Corp., the sole defendant in the first cause of action, was the landlord. Viewed in its most favorable light to plaintiffs, the second cause of action fails to state a cause of action. Essentially, it is based on the statute, which provides a remedy of treble damages only as against the landlord. This and similar statutes do not import liability against the officers, directors or stockholders of a corporate landlord or those in contractual relationships with the landlord (Magonigle Trucking Co. v. Tambini, 302 N. Y. 617, modfg. 277 App. Div. 931; Paterno v. Washington Sq. Vil. Corp., 14 A D 2d 741, affd. 11 N Y 2d 829; Schussel v. Jamaica Investors, 199 Misc. 172). As these cases hold, a statutory tenant is without remedy for an unlawful eviction except as provided in the emergency rent laws. The remedy provided by the statute is exclusive. It affords recourse only as against the landlord.
This is the gist of 'the first cause of action against the corporate landlord, as to which no motion is made.
The conspiracy allegations in the second cause of action against the individual defendants and the corporate purchaser from the landlord do not change the nature of the cause of action. In essence, it attempts to allege a cause of action for *859 damages for unlawful eviction. However, the failure of the corporate landlord to demolish and begin new construction within the requisite time does not provide a foundation for liability as against its officers, directors, stockholders or those in contractual relationship with it. The statute neither creates nor authorizes such a remedy, and it does not exist at common law.
Although not so pleaded, plaintiffs are in no better position if their complaint be read as alleging that the corporate officers, directors, stockholders, sponsors, etc. made fraudulent representations to the Rent Commission in order to secure the certificates of eviction and that the sole purpose of making such representations was the eviction of the tenants, without any intention of demolition and new construction within the requisite time limits. Research has failed to unearth any authorities in support of such a cause of action and plaintiffs have furnished none. The statute does not create such a remedy, nor can one be implied therefrom. (Magonigle Trucking Co. v. Tambini, supra; Paterno v. Washington Sq. Vil. Corp., supra; Schussel v. Jamaica Investors, supra; see Rosner v. Textile Binding & Trimming Co., 300 N. Y. 319; David v. Fayman, 298 N. Y. 669; Rosenbluth v. Sackadorf, 298 N. Y. 761.) The statutory remedy is exclusively against the landlord and is adequately pleaded in the first cause of action.
No basis is shown for disregarding the corporate entity as urged by plaintiffs, in misplaced reliance upon Bartle v. Finkelstein (19 A D 2d 256), and City Factors Corp. v. Glubo (1921 N. Y. S. 2d 79). Those cases deal with statutes and fact patterns clearly imposing liability upon corporate officers for their individual acts. No such provision is contained in the emergency rent laws, nor are any facts alleged or shown in the papers in opposition to warrant piercing the corporate veil.
The papers in opposition are completely barren of any factual allegations or evidence that would support a cause of action against the moving defendants, even if such cause of action were cognizable.
The motions must be granted, whether treated as to dismiss for failure to state a cause of action or for summary judgment.
Accordingly, judgment is granted dismissing the second cause of action as against the moving defendants.