SCHRIER v. SHAFFER.

(Supreme Court, Appellate Division, Second Department.   January 10, 1908.)

1. TRESPASS—DAMAGES—TREBLE DAMAGES.
    One breaking the lock of a building and removing goods placed therein by another, who, though present, offered no resistance, is not liable for treble damages, under Code Civ. Proc. § 1669, authorizing treble damages for disseisin in a forcible manner.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trespass, § 146.]

2. SAME—PERSON LIABLE.
    The true owner is not answerable in damages for dispossessing a trespasser having no title.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trespass, § 9.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Herman Schrier against Fanny Shaffer. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Isaac Miller, for appellant.
Paul A. Katske, for respondent.

WOODWARD, J. This is an action to recover damages for an alleged trespass to real property owned by the defendant and occupied by the plaintiff for the storage of paper. The complaint reads:

"Damages by reason of unlawful entry on plaintiff's premises destroying his property."

The answer was a general denial. The plaintiff proved no right or title to the premises, a cellar, into which he had moved a stock of paper on October 14th, claiming to have rented the cellar from the tenant of the store above. About a week later he was told by the owner of the cellar, the defendant, to move his goods out, and upon his refusal to do so until the 1st of the following month the defendant broke the lock of the cellar and in the presence of the plaintiff, who offered no resistance, removed the goods to the sidewalk, whence after about an hour they were returned to the cellar by the defendant upon the unsought advice of the local police officer. The case was tried without a jury, and the justice found that the plaintiff was entitled to treble damages under section 1669 of the Code of Civil Procedure.

That section relates to disseisin "in a forcible manner," but the record contains no evidence whatever of personal violence or riotous entry. The only force used was in the breaking of the lock, and in McDougall v. Sitcher, 1 Johns. 43, where the defendant broke the lock of the premises in quo and removed goods left within by the plaintiff, Livingston, J., writing for the court, says (page 44):

"The goods which were left could not prevent the entry being peaceable. They were incapable of resistance, and therefore no breach of peace could ensue."

Willard v. Warren, 17 Wend. 257, was an action under the statute to recover treble damages for the forcible disseisin from lands. Cowen, J., proceeds at great length in defining forcible entry, saying in part:

"The result seems to be that there must be something of personal violence, or a tendency to or threat of personal violence, unless the entry or detainer be riotous. In all cases there must be something beyond a mere trespass upon the property."

In the case at bar the defendant was not even a trespasser. Indeed, the case is remarkable, in that the trespasser himself brings the action, for the general rule is that the true owner cannot be made answerable in damages for dispossessing a trespasser divested of all title. Hyatt v. Wood, 4 Johns. 157, 4 Am. Dec. 258.

The refusal of the justice to dismiss the complaint was error, for

which the judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur, except HIRSCHBERG, P. J., not voting.