MOE ROSNER et al., Copartners Doing Business under the Name of RAINBOW GREETING CARD Co., Respondents, v. TEXTILE BINDING & TRIMMING Co., INC., Appellant.

Argued January 6, 1950; decided January 13, 1950.

*Herbert L. Wasserman* for appellant. I. The first cause of action is insufficient in law. (*Daley* v. *Haight,* 170 App. Div. 469, 224 N. Y. 726; *Burks* v. *Bosso,* 180 N. Y. 341; *Anderson* v. *Wilson,* 289 U. S. 20; *Woollcott* v. *Shubert,* 217 N. Y. 212; *Kauffman & Sons Saddlery Co.* v. *Miller,* 298 N. Y. 38; *Sno-Wite, Inc.,* v. *Gerald Operating Corp.,* 271 App. Div. 314, 297 N. Y. 1007; *Joanette Juniors, Inc.,* v. *Board of Home Missions*

*of Cong. & Christian Churches,* 273 App. Div. 999, 298 N. Y. 826; *Wigod* v. *Janina Realty Corp.,* 275 App. Div. 717.) II. The second cause of action is insufficient in law. (*David* v. *Fayman,* 273 App. Div. 408; *Rosenbluth* v. *Sackadorf,* 298 N. Y. 761; *Delaney* v. *Valentine,* 154 N. Y. 692; *Fowler-Curtis Co.* v. *Dean,* 203 App. Div. 317; *Adams* v. *Clark,* 239 N. Y. 403; *Brang* v. *Stachnik,* 261 N. Y. 614; *Bernhan Chemical & Metal Corp.* v. *Ship-A-Hoy, Ltd.,* 200 App. Div. 399; *Gomprecht* v. *Ludwig,* 65 Misc. 557; *Lefferts* v. *Lefferts,* 243 App. Div. 278; *Abraham* v. *Wechsler,* 120 Misc. 811, 210 App. Div. 876.) III. Tenants waived any right to sue, by voluntarily remaining in possession after the expiration day of their lease. (*David* v. *Fayman,* 273 App. Div. 408; *Cleaners Holding Corp.* v. *Trunz, Inc.,* 272 App. Div. 825; *Stern* v. *Equitable Trust Co.,* 238 N. Y. 267.)

*Meyer Schiff* for respondents. I. The first cause of action is sufficient in law. (*Vernat, Inc.,* v. *Schock,* N. Y. L. J., Oct. 15, 1947, p. 866, col. 6; *Vernat, Inc.,* v. *Cross & Brown Co.,* 273 App. Div. 843; *Morse & Grossman, Inc.,* v. *Acker & Co.,* 297 N. Y. 304; *Rosen* v. *370 West 35th St. Corp.,* 184 Misc. 172; *Woollcott* v. *Shubert,* 217 N. Y. 212; *Rosenfeld* v. *Aaron,* 248 N. Y. 437; *Joanette Juniors, Inc.,* v. *Board of Home Missions of Cong. & Christian Churches,* 273 App. Div. 999, 298 N. Y. 826; *Sno-Wite, Inc.,* v. *Gerald Operating Corp.,* 271 App. Div. 314, 297 N. Y. 1007; *Kinsch* v. *Flohr Realty Corp.,* 191 Misc. 787; *Tourneur Realty Corp.* v. *Frank Bros. Footwear, Inc.,* 274 App. Div. 1049; *Kauffman & Sons Saddlery Co.* v. *Miller,* 298 N. Y. 38.) II. The second cause of action is sufficient in law. (*Wigod* v. *Janina Realty Corp.,* 275 App. Div. 717; *Arndt* v. *Altman,* 181 Misc. 887, 290 N. Y. 594; *Sommer* v. *Kelley Co.,* 182 Misc. 119.) III. Plaintiffs did not voluntarily vacate their premises and the removal on February 4, 1948, did not constitute a waiver of their rights. (*Whitmarsh* v. *Farnell,* 298 N. Y. 336; *Moncel Realty Corp.* v. *Whitestone Farms, Inc.,* 188 Misc. 431, 273 App. Div. 963.)

DESMOND, J. Plaintiffs' three-year lease of " commercial space " (as defined in the Commercial Rent Law, § 1; L. 1945, ch. 3, as amd.; also McKinney's Unconsol. Laws, § 8521), in defendant's building, expired January 31, 1948. In October, 1947,

defendant, by letter, notified plaintiffs that defendant would, at the lease's end, require possession of the space for defendant's immediate and personal use for commercial purposes. That letter threatened, also, that if plaintiffs failed to remove on January 31, 1948, defendant would evict plaintiffs and hold plaintiffs for defendant's resulting damage or expense. In reliance on that demand and threat (and similar oral communications from defendant) and for no other reason, say plaintiffs in their complaint herein, plaintiffs, on February 4, 1948, surrendered possession of the rented space and moved out of the building. Defendant, however, as the complaint avers, did not move into the space but instead leased it to another tenant, for commercial purposes. Plaintiffs say that all this resulted in $15,000 damage to them (because of the expense of securing other quarters and moving thereto, and because of loss of business, etc.). Such are the allegations of the first cause of action in the complaint.

In a second count, the complaint repeats the allegations above summarized, and adds charges that defendant's demand for possession, and defendant's statement that it needed immediate possession for defendant's own use, were false and untrue, and made not in good faith, but for the purpose of defrauding plaintiffs of their right to remain in possession under the Commercial Rent Law. Plaintiffs allege that they believed defendant's statements and relied and acted on them, in giving up possession of the space, all to their damage as aforesaid.

Defendant's motion to dismiss the complaint for insufficiency was granted at Special Term, on the authority of *Joanette Juniors, Inc., v. Board of Home Missions of Cong. & Christian Churches* (273 App. Div. 999) which was affirmed in this court (298 N. Y. 826) after the Special Term decision hereof. The Appellate Division, however, reversed the Special Term order and granted defendant leave to appeal to this court.

Plaintiffs say that their first cause of action is expressly authorized by subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.; also McKinney's Unconsol. Laws, § 8528, subd. [d]) and that the second cause of action in this complaint states a case in common-law fraud, independent of that statute. Special Term held that plaintiffs had only the

rights expressly granted by the statute, and that such rights did not include a right to damages, on the facts shown by this complaint. We agree with that holding.

The statute (first paragraph of section 8 of the Commercial Rent Law) says that, a tenant, situated as were plaintiffs, shall not, so long as he continues to pay his rent, and notwithstanding lease expiration, be removed from any commercial space, " by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise ". Subdivision (d) of the same section (L. 1945, ch. 3, as amd. by L. 1946, ch. 272; also McKinney's Unconsol. Laws, § 8528, subd. [d]) states one of the exceptions to the tenant's statutory right to stay in possession: he is not to be removed unless " the landlord * * * seeks in good faith to recover possession of the commercial space for his immediate and personal use ". But, says another sentence of subdivision (d), if the landlord shall fail, " after thirty days subsequent to dispossessing a tenant under the provisions of this subdivision, to occupy such space and actively to conduct such business therein, or if such landlord * * * shall lease or rent such space to or permit occupancy thereof by a third person within a period of one year after such dispossession, he shall be liable to the tenant for all damages sustained on account of such removal." Plaintiffs, as their pleading shows, were not removed by any of the means forbidden to the landlord by the statute, and so the landlord is not liable to them, under the requirements of the statute as above quoted.

In *Sno-Wite, Inc.,* v. *Gerald Operating Corp.* (297 N. Y. 1007) we decided a suit brought under this same subdivision (d) of section 8 of the Commercial Rent Law, but there the tenant had removed from the rented premises only after the landlord had actually commenced an eviction proceeding on the ground of his intention, himself to use the premises. Agreeing with the Appellate Division in the *Sno-Wite* case (*supra*), we held that that was no voluntary withdrawal by the tenant, but that " the serving of the precept and verified petition * * * gave the tenant the option to treat the landlord's action as an eviction with all the effects of a technical dispossession " (see 271 App. Div. 314, 318; also *Kauffman & Sons Saddlery Co.* v.

*Miller,* 298 N. Y. 38, 41). The *Sno-Wite* complaint was, therefore, upheld. Then came the *Joanette* case (273 App. Div. 999, affd. 298 N. Y. 826, *supra*) where, according to the complaint, defendant landlord had brought no eviction proceedings but had served, on plaintiff, notices and demands similar to the one in the present case, and the tenant Joanette had, like plaintiffs here, moved out in compliance with that demand. In the *Joanette* case, the Appellate Division, reversing Special Term " on questions of law " granted summary judgment dismissing the complaint, and we affirmed. The *Joanette* case is, therefore, binding precedent for a determination of insufficiency of the first cause of action in the complaint now before us.

Plaintiffs argue, however, that regardless of the sufficiency of their first, or statutory, cause of action, they have pleaded, in their second count, a good common-law fraud case. The decisions are to the contrary. *David* v. *Fayman* (298 N. Y. 669) and *Rosenbluth* v. *Sackadorf* (298 N. Y. 761) necessarily mean that no action for fraud arises from such facts. Both those cases involved residential, not commercial, space, and, since those cases arose before the enactment, in 1948 (L. 1948, ch. 213), of section 1444-a of the Civil Practice Act, residential tenants had no such right to sue as was, and is, given tenants of commercial property by the above-quoted subdivision (d) of section 8 of the Commercial Rent Law. Both plaintiff David and plaintiff Rosenbluth had been evicted from their statutory tenancies, on petitions containing knowingly false statements, by their respective landlords (defendants), that the landlord intended (in the *David* case, *supra*) himself to occupy the premises, or (in the *Rosenbluth* case, *supra*) to make alterations and improvements to the rented apartment. The holding in each case was that a tenant, evicted as the result of such false allegations had, in the absence of express statutory grant, no right of action at all.

*Schwartz* v. *Sterling Drug Inc.* (300 N. Y. 493) is not directly in point here, since it involves a somewhat different situation, but it confirms the view that a tenant who, by reason of threats or demands only, gives up a statutory tenancy, has no basis for suing his landlord.

The order of the Appellate Division should be reversed and the judgment of Special Term affirmed, with costs in this court and in the Appellate Division. Both certified questions are answered in the negative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.