Action to recover damages under chapter 3 of the Laws of 1945 (as amd.), for wrongful removal, by summary proceedings, of plaintiff: by its landlord, who alleged possession of the tenant’s premises was necessary for her use, but failed to enter into occupancy. Plaintiff also alleges fraud and a conspiracy to remove it. Two defendants moved for dismissal of the first cause of action. All defendants moved for the dismissal of the second cause which alleged the fraud and conspiracy. The motion challenged the sufficiency of the causes of action under subdivision 5 of rule 106 of the Rules of Civil Practice. From the order which granted the motion, plaintiff appeals. Order affirmed, with $10 costs and disbursements. The time of plaintiff to serve a second amended complaint, if so advised, is extended until twenty days after the entry of the order hereon; and defendant Jennie Tambini shall have twenty days thereafter to serve an answer, or otherwise move with respect thereto. The statute grants a right of action against the landlord or a purchaser only. In the absence of express grant of a right of action against others, the plaintiff can hold only the landlord. (Bosner v. Textile Binding é Trimming Co., 300 N. Y. 319.) The second cause of action is insufficient as a statement of a cause of action for fraud as against any of the defendants. {David v. Fayman, 273 App. Div. 408, affd. 298 N. Y. 669.) As against the landlord, it is but repetitious of the first cause of action. (Sno-Wite, Inc., v. Gerald Operating Corp., 297 N. Y. 1007.) Nolan, P. J., Adel, Wenzel and MacCrate, JJ., concur; Johnston, J., concurring in part: I concur insofar as the first cause of action is concerned but dissent as to dismissal of the second cause of action and vote to reverse the order in that respect and to deny the motion to dismiss the latter cause of action, with the following memorandum: When the Court of Appeals answered in the affirmative the second question certified in Sno-Wite, Inc., v. Gerald Operating Corp. (297 N. Y. 1007), it expressly held that the second cause of action in the instant complaint is sufficient as against the landlord. In view of that conclusion, the cause of action should be held sufficient also as against those who conspired with the landlord fraudulently to make use of legal proceedings. (Verplanck v. Van Buren, 76 N. Y. 247.)