MALCOLM W. MCLEOD et al., Respondents, *v.* DORA POMERANC, Appellant.

Supreme Court, Appellate Term, First Department, November 13, 1952.

*Murray Rafsky* for appellant.

*Martin Green* for respondents.

*Per Curiam.* A statutory tenant who surrenders possession in reliance on fraudulent representations of his landlord regarding his intended use of the premises may not maintain a common-law action for fraud (*Rosner* v. *Textile Binding & Trimming Co.,* 300 N. Y. 319).

The order should be reversed, with $10 costs and disbursements, and motion granted.

SCHREIBER, J. (dissenting). The complaint alleges that the defendant induced plaintiffs, statutory tenants of an apartment, to vacate in reliance on the false representations that defendant intended to perform necessary repairs and that plaintiffs could return after the completion of the repairs. The pleading charges that defendant did not intend to make repairs and that she rented the apartment to another after the plaintiffs had surrendered possession in the belief that they could return when the repairs were finished. In my opinion a good cause of action for common-law fraud and deceit is made out.

The case of *Rosner* v. *Textile Binding & Trimming Co.* (300 N. Y. 319) is not controlling authority to the contrary. In that case the fraud charged in the second cause of action was that the defendant had falsely represented to the plaintiff that he wanted the premises for his own use. The emergency rent

statutes, which had created the statutory tenancy, had also provided a remedy to a tenant evicted by a landlord claiming that he was seeking possession in good faith for his immediate and personal use, viz., a cause of action for damages in the event that the landlord should fail to occupy the space within thirty days or should lease it to another within a year after the dispossession. That remedy was held to be the exclusive redress of a tenant in a case where the landlord claims possession for his own use (in addition, of course, to the tenant's right to contest the landlord's good faith in a summary proceeding). It does not necessarily follow that a tenant who is deprived of his statutory tenancy by fraud or other wrongful act of the landlord, *without any claim on the landlord's part that he desires possession for his own use,* possesses no cause of action for such fraud or other wrongful act. Such a holding would leave the tenant without any remedy or redress whatever for a common-law tort of the landlord.

The case of *Schwartz* v. *Sterling Drug* (300 N. Y. 493) is distinguishable in that the acts there complained of did not constitute a common-law wrong such as fraud and deceit, breach of contract, etc., and no remedy had been given by statute for the acts complained of. Nor are the decisions in *David* v. *Fayman* (298 N. Y. 669) and in *Rosenbluth* v. *Sackadorf* (298 N. Y. 761), cited in *Rosner* v. *Textile Binding & Trimming Co.* (*supra*), authorities for reversal of the order upholding the sufficiency of the complaint. In both those cases the alleged fraud consisted of false statements made, *not to the plaintiff,* but in petitions to the court for final orders against the plaintiff. The plaintiff possessed no cause of action at common law for false statements made in the petitions and, to quote from the Court of Appeals in *Rosner* v. *Textile Binding & Trimming Co.* (*supra,* p. 324): " The holding in each case was that a tenant, evicted as a result of such false allegations had, *in the absence of express statutory grant,* no right of action at all."

In other words, the plaintiff in the two cases under discussion possessed no common-law cause of action and had been given no statutory cause of action. The cases do not hold that the Legislature intended to or did deprive statutory tenants of any common-law causes of action which they might possess to recover damages for wrongful interference with the statutory tenancies which the Legislature had created for their benefit. Suppose, for example, that the plaintiffs had entered into a contract, for a valuable consideration, with defendant by the

terms of which the latter obligated himself to return possession to plaintiffs after he had completed repairs required by the contract. Could it possibly be argued that plaintiffs, in the event of defendant's breach, possessed no cause of action for damages and that defendant could thus breach the contract with impunity? Yet this is the necessary result of the majority decision of this court, for if plaintiffs may not sue for fraud and deceit perpetrated upon them by defendant, they may not sue for breach of contract or other wrongful acts depriving them of their statutory tenancy. Surely the Legislature which conferred upon tenants the protection of statutory tenancies could not have intended to permit landlords to destroy these valuable rights by fraud and deceit, breach of contract, or other common-law wrongs.

The order appealed from should be affirmed.

HOFSTADTER and HECHT, JJ., concur in *Per Curiam* memorandum; SCHREIBER, J., dissents in opinion.

Order reversed, etc.