PARKA CORPORATION, Appellant, v. MICHAEL F. DRINKHOUSE, Respondent.

COHN, J. (dissenting). In 1945, Mrs. MacDowell, the lessee of an unfurnished apartment in plaintiff's building, was about to depart for Florida to be near her husband who was in the military service and stationed there. The length of her stay in Florida was uncertain. Defendant was desirous of subletting the apartment from Mrs. MacDowell together with Mrs. MacDowell's furnishings, during the latter's absence. The lease between Mrs. MacDowell and plaintiff contained a covenant against subletting without the written consent of the landlord first obtained. Upon defendant's agreement to vacate the apartment when the lessee returned, the plaintiff landlord consented to the temporary occupancy of the apartment. Defendant paid an additional monthly sum for the use of Mrs. MacDowell's furniture. As a matter of convenience, and without intending to change the legal relationship between the parties, he mailed the rent directly to the landlord in New York City, instead of sending it to Mrs. MacDowell in Florida along with his payments for the use of the furniture. The effect was not to accomplish an attornment to the landlord, nor to make him a subtenant, but simply to continue him as a temporary occupant of the apartment as though he had continued to make all payments directly to her.

Mrs. MacDowell remained away very much longer than she had anticipated. When she did return, defendant gave her the key and possession of the apartment, she removed her furniture and surrendered the apartment to plaintiff. Defendant, who had other places of abode, thereupon asserted the right to move

his own furniture into the apartment claiming that he was the tenant. In view of the agreement theretofore made by defendant, plaintiff would not permit defendant to move into the apartment.

As the learned Trial Justice quite correctly stated, subtenants generally are entitled to the protection of the State Residential Rent Law (L. 1946, ch. 274, as amd.). However, in this case defendant had no such right because he had specifically agreed before he took possession to vacate the apartment when requested by Mrs. MacDowell. Defendant, in the circumstances, could not have remained in possession to the exclusion of Mrs. MacDowell. She could have returned to her home any time she desired, and in fact on a few occasions did return to the apartment and on one occasion remained for a period of ten days. Accordingly, if defendant was not entitled to the statutory protection against his immediate landlord, he could have no such rights against the over-landlord, plaintiff herein. The judgment should be reversed and judgment directed for plaintiff.

Dore, J. P., Callahan and Breitel, JJ., concur in decision; Cohn, J., dissents and votes to reverse, in an opinion in which Van Voorhis, J., concurs.

Judgment affirmed, with costs.