■ WILLIAM G. CLANCY v. ERIE RAILROAD COMPANY.— Motion for a stay denied, without costs. Since the pleadings in this case adequately raise the issue of plaintiff's status, it is unnecessary for the defendant expressly to plead in its answer the applicable sections of the Railroad Law and the Penal Law. If the proof at the trial established that in fact plaintiff violated these sections, then the trial court would be obliged to charge the jury with respect to whether plaintiff was a trespasser as a matter of law. (See *Chernezsky* v. *City of New York*, 86 N. Y. S. 2d 185, affd. 276 App. Div. 995.) In the circumstances a stay is unnecessary. Concur— Botein, P. J., Breitel, Rabin, Valente and Steuer, JJ.

■ MILTON OKEN et al., Copartners Doing Business as OKEN FABRICS, Respondents, v. PECK & PECK, INC., et al., Appellants.— Order entered on December 23, 1960, denying defendants' motion to dismiss the three causes of action set forth in the complaint for insufficiency, reversed on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs. The plaintiffs, tenants under a lease, allege that they removed from the premises demised to them because of representations by the landlord that it would seek possession of the premises for its own use at the end of the term of the lease. The plaintiffs allege that they would have been entitled to hold over beyond the end of the term by virtue of the Emergency Commercial Space Rent Control Law which assures them continued possession, the subject premises being controlled. They also allege that quite apart from the statutory right to continued possession their rights under common law were violated. As to the latter, absent the statute, the landlord would have an absolute right to obtain possession of the premises upon expiration of the term of the lease. Thus, a tenant voluntarily removing in consequence of a threat to exercise such right, albeit the reason given for such action may be false, has no cause of action. Under common law the tenants had no right invaded since the landlord for any reason, or for none, was entitled to regain possession upon termination of the lease and took no steps during the term to evict them. However, the plaintiffs also assert an invasion of their right to hold over as a statutory tenant. They must then find their remedy within the statute that creates that right. At the time they removed from the premises they had not yet achieved the status of a statutory tenant. Certainly, their remedy would be no greater than that granted to one who was in fact a statutory tenant. It has been held that absent the commencement of a summary proceeding a statutory tenant who removes by reason of fraudulent representations of the landlord has no right of action (*Rosner* v. *Textile Binding & Trimming Co.*, 300 N. Y. 319). Having chosen to vacate without the impetus of a judicial proceeding the plaintiffs are without remedy under the statute. Therefore, the plaintiffs having no remedy under common law and no remedy under the statute the three causes of action alleged in the complaint should have been dismissed. Concur— Botein, P. J., Rabin, Valente, McNally and Eager, JJ.