Michael 'Catalano, J.
Petitioner seeks, by order to show cause granted August 13,1970, judgment pursuant to article 78 of the CPLR declaring that respondent, Public Employment Relations Board (PERB), does not have jurisdiction to consider the dismissal of probationary teachers, namely, Nancy Gyssels, Peter Tamutus, Barbara Weikel, Donna Rosensteele and Richard Anderson (The Teachers), and enjoining PERB from hearing any improper practice charges concerning said dismissal by petitioner.
August 7, 1970, an improper practice charge was filed with PERB by the Grand Island Teachers Association (GITA) upon the. ground that on April 8, 1970 petitioner improperly terminated the'employment of The Teachers, and “ the employment of the aforementioned employees was terminated or discontinued .solely because of their activity in support of the Grand Island Teachers Association, in violation of the Public Employees’ Fair Employment Act, or their membership in the same.”
August 12, 1970, PERB directed petitioner to answer the charge at a hearing before it noticed for September 16, 1970, which was not held.
Petitioner contends that it has absolute discretion to terminate employment of its probationary teachers.
PERB contends that it has ‘ ‘ exclusive jurisdiction to resolve, in the first instance, the questions of fact raised by the charge and to order remedial relief if so warranted. ’ ’
■Subdivision 8 of section 201 of the 'Civil Service Law provides : “ The term ‘ public employee ’ means any person holding a position by appointment or employment in the service of a public employer, except that such term shall not include persons holding positions by appointment or employment in the organized militia of the state for purposes of any provision of this article [art. 14 — Public Employees’ Fair Employment Act, the “ Taylor Law ”] other than sections two hundred ten [re: strikes] and two hundred eleven [re: injunction] of this article.” (L. 1967, ch. 392, § 2, as amd. by L. 1969, ch. 24, § 10, eff. April 1, 1969.)
Here, The Teachers are public employees as probationary teachers employed and dismissed by petitioner during their probationary terms.
Subdivision 5 of section 205 of the Civil Service Law provides, in part: PERB “ shall have the following powers and *475 functions: * * * (d) to establish procedures for the prevention of improper employer and employee organization practices as provided in section two hundred nine-a of this article * * * The board shall exercise exclusive nondelegable jurisdiction of the powers granted to it by this paragraph ” (L. 1969, ch. 24, added new par. [d], eff. April 1, 1969).
Thus, PERB has exclusive nondelegable jurisdiction of the powers stated in said paragraph of the Civil Service Law, but not over the Education Law pro tanto.
Subdivision 1 of section 209-a of the Civil Service Law provides, in part: ‘ ‘ Improper employer practices. It shall be an improper practice for a public employer or its agents deliberately (a) to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section two hundred two for the purpose of depriving them of such rights * * * (c) to discriminate against any employee for the purpose of encouraging or discouraging membership in, or participation in the activities of, any employee organization.” (L. 1969, ch. 24, § 7, eff. Sept. 1, 1969.) Section 202 provides: “ Public employees .shall have the right to form, join and participate in, or to refrain from forming, joining, or participating in, any employee organization of their own choosing.” (L. 1967, ch. 392, § 2, eff. Sept. 1, 1967.)
These two sections have nothing to do with the probationary teachers discharged by petitioner.
‘ ‘ The power of the Legislature over the educational system of the State is plenary.” (Union Free School Dist. No. 22 v. Wilson, 281 App. Div. 419, 424, mot. for lv. to app. den. 306 N. Y. 979.) It is the Education Law that establishes this educational system, defining, inter alia, the rights and duties of probationary teachers.
Subdivision 1 of section 3013 of the Education Law provides for the employment of teachers over a probationary period of not to exceed five years and concludes: “ Services of a person so appointed to any such positions may be discontinued at any time during .such probationary period, upon the recommendation of the district superintendent, by a majority vote of the board of education or trustees. ’ ’
July 1, 1970, section 3020-a of the Education Law, entitled “Hearing procedures and penalties,” took effect (L. 1970, ch. 717, § 16) providing detailed, specific hearing procedures, concluding with a right of appeal to the Commissioner of Education, or by a special proceeding under article 78 of the CPLR. (§ 3020-a, subd. 5.)
*476 Here, section 3020-a came into effect one month and 13 days before this proceeding was instituted by the order to show cause granted August 13, 1970, and it makes no reference, expressed or implied, to PERB in said procedures.
Civil Service Law (§ 201, subd. 8; § 202; § 205, subd. 5, par. [d]; § 209-a, subd. 1) and Education Law (§ 3013, subd. 1; § 3020-a) are in pari materia-, they should be read together; they may be jointly paraphrased: A public employee, including a probationary teacher, may join and participate in any employee organization of his own choosing and PERB shall have exclusive nondelegable jurisdiction to present certain improper employer and employee organization practices deliberately interfering with his right to organize, excluding the discontinuance of services being rendered by a teacher during his probationary period.
PERB has no control over nonemployees (Helsby v. Board of Educ., 59 Misc 2d 943) or summer-school teachers (Matter of Helsby v. Board of Educ., 60 Misc 2d 892, 896) or probationary employees. (Matter of Helsby v. Board of Educ., 34 A D 2d 361.)
In the absence of a clear power delegated to PERB to enforce rights of teachers, the statutory rule of construction expressio unius est exclusio alterius (the expression of one thing implies the exclusion of another) makes the remedies in the Education Law exclusive. (McKinney’s 'Cons. Laws of N. Y., Book 1, Statutes, § 240; Matter of Helsby v. Board of Educ., supra, p. 363, citing Matter of McMaster v. Owens, 275 App. Div. 506; Brewster v. Rogers Co., 169 N. Y. 73, 80.)
The Taylor Act (Civil Service Law, art. 14; L. 1967, ch. 392) does not grant PERB jurisdiction to enforce a public employee’s right to join or participate in an employee organization pursuant to section 202 of the Civil Service Law. (Matter of Helsby v. Board of Educ., supra, p. 362.)
Courts may not impute to the Legislature an intent to change a long-standing, well-established rule without a clear showing of such intent. (Buduson v. Curtis, 285 App. Div. 517, 519-520, affd. 309 N. Y. 879.) When a new right is created or a new duty imposed by statute, a remedy given by the same statute for its violation or nonperformance is exclusive. (City of Rochester v. Campbell, 123 N. Y. 405, 414; Drinkhouse v. Parka Corp., 3 NY 2d 82, 88.)
Clearly, in enacting section 3020-a of the Education Law, the Legislature expressly provided the remedies and penalties available to probationary teachers; nothing has been left to inference.
Probation means “ a testing or trial, as of a person’s char *477 acter; his ability to meet certain requirements, or his fitness for a position.” (Webster’s New 20th Century Dictionary, 2d ed.) A probationary teacher is suspended in a sort of legal limbo, waiting until his rights vest in a contract of employment.
A teacher has no vested right to tenure during a probationary period and may be dismissed without cause or a hearing. (Matter of McMaster v. Owens, 275 App. Div. 506; Matter of Hickey v. Carey, 275 App. Div. 964; Matter of Pinto v. Wynstra, 22 A D 2d 914; Matter of Butler v. Allen, 29 A D 2d 799.)
Unless a probationary teacher is dismissed solely to deny a constitutional or statutory right, a school district may not be directed to reinstate a probationary teacher thereby granting him tenure. (Matter of Helsby v. Board of Educ., supra, p. 363, citing Matter of McMaster v. Owens, 275 App. Div. 506; Matter of Boyd v. Collins, 11 N Y 2d 228.)
Here, no constitutional or statutory right of The Teachers has been denied them.
When a probationary teacher joins or participates in an employee organization, he is not immune from discharge before his period has expired. Otherwise, such employee could secure tenure during his probation by merely joining an employee organization, thereby defeating the entire probationary program. Such a reductio ad absurdum was not intended by the Legislature. PERB lacks jurisdiction herein.
Therefore, judgment of prohibition is granted to petitioner as requested, enjoining PERB accordingly, without costs.