John P. Cohalan, Jr., J.
In this article 78 proceeding, judgment is sought prohibiting respondent, the Public Employment Relations Board (PERB) from entertaining an improper practice charge filed by the Brentwood Teachers Association against the petitioner herein.
*731 The facts which give rise to the controversy at bar are substantially the following: On July 15, 1971, John H. Woodward, a nontenured teacher, was dismissed by unanimous vote of the petitioning Board of Education (Board) upon the recommendation of the Superintendent of Schools, pursuant to the provisions of section 3012 (subd. 1, par. [a]) of the Education Law. Thereafter on September 13, 1971, Brentwood Teachers Association (Association) filed an improper practice charge with PEBB alleging that Woodward was dismissed in violation of section 209-a of the Civil Service Law.
Petitioner contends that section 3012 (subd. 1, par. [a]) of the Education Law gives it exclusive and nonreviewable discretion to dismiss a nontenured teacher (Petition, § 10), and that PEBB lacks jurisdiction to entertain an improper practice charge filed by a nontenured teacher (Petition, § 11).
Bespondent PEBB has filed an answer which consists of a general denial and contains several affirmative defenses, the most important of which is that, pursuant to sections 209-a and 205 (subd. 5, par. [d]) of the Civil Service Law, PEBB has exclusive primary jurisdiction to hear and determine an improper practice charge. (Answer, § Fourth).
The return which has been annexed to the answer includes a copy of the improper practice charge filed with PEBB. The charge, in substance, is “ that Mr. Woodward’s employment was terminated solely as a retaliation for Mr. Woodward’s activities as a member of the Brentwood Teachers Association.”
The association has moved for an order granting it leave to intervene in the proceeding and amending the caption by adding it as a party respondent. It has also filed an answer as intervenor-respondent. The answer consists of a general denial and contains substantially the same affirmative defenses pleaded by PEBB.
Section 3012 (subd. 1, par. [a]) of the Education Law relating to teachers, provides, in pertinent part that: ‘ ‘ The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education ”. Section 200 et seq. of the Civil Service Law (the Taylor Law) was amended in March, 1969 (L. 1969, ch. 24) by adding, inter alia, sections 205 (subd. 5, par. [d]) and 209-a.
Section 209-a (subd. 1) defines improper employer practices in the following language: “Improper employer practices. It shall be an improper practice for a public employer or its *732 agents deliberately (a) to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section two hundred two for the purpose of depriving them of such rights; (b) to dominate or interfere with the formation or administration of any employee organization for the purpose of depriving them of such rights; (c) to discriminate against any employee for the purpose of encouraging or discouraging membership in, or participation in the activities of, any employee organization; or (d) to refuse to negotiate in good faith with the duly recognized or certified representatives of its public employees.”
Section 205 (subd. 5, par. [d]) provides in part as follows:
“ 5. In addition to the powers and functions provided in other sections of this article, the board [PERB] shall have the following powers and functions:
“ (d) to establish procedures for the prevention of improper employer and employee organization practices as provided in section two hundred nine-a of this article ”.
Parenthetically, it should be noted that, in the meantime, the hearing on the improper practice charge filed with PERB has been held in abeyance pending the determination in the instant proceeding.
This court is not unmindful of the recent decision in the Matter of Board of Educ. of Cent. School Dist. No. 5, Towns of Huntington and Babylon v. Helsby et al. (PERB) (Sup. Ct., Suffolk County, July 9, 1971) in which the identical question was raised in the very same manner. Special Term held in that case that PERB lacked jurisdiction to hear an improper practice charge filed in behalf of a dismissed nontenured teacher and granted the application prohibiting PERB from entertaining such an application. However, one of the authorities upon which the court relied in reaching its decision, Board of Educ. Cent. School Dist. No. 1 of Town of Grand Is. v. Helsby (64 Misc 2d 473) has just been unanimously reversed by the Appellate Division, Fourth Department (38 A D 2d 493, Dec. 2, 1971). In holding that PERB had jurisdiction to hear an improper practice charge alleging that the dismissal of a teacher was an act of reprisal against his legitimate union activities, the Fourth Department said (p. 497): “ The legislatively declared right of public employees to participate in any employee organization (Civil Service Law, § 202) is consonant with the right which the Fourteenth Amendment affords as a protection to all persons by limiting the power of States to interfere with *733 the First Amendment right of freedom of speech and association (Shelton v. Tucker, 364 U. S. 479) and any public employment, including academic employment, may not be subject to the surrender of the right of association (Keyishian v. Board of Regents, 385 U. S. 589, 605). If the dismissal of a teacher amounts to an interference with this right, then the action of a board of education cannot stand unless it is shown with clarity that the board’s regulation of the teacher’s conduct is motivated not with a desire to interfere with any constitutional right but, within such bounds, to legally benefit the school system ”.
Moreover, it would seem that the authority of the holding by Special Term in the Central School Dist. No. 5 of Towns of Huntington and Babylon case (supra) had been somewhat undermined in a more recent case decided by the Appellate Division of this Department (Matter of Tischler v. Board of Educ., Monroe, 37 A D 2d 261). The question in Tischler was whether a cause of action in an article 78 proceeding was stated in a petition by a nontenured teacher alleging that tenure was denied solely in retaliation for union activities. In unanimously reversing the order of Special Term which had granted the respondent’s motion to dismiss the petition on the ground it did not state a cause of action, the court said (at p. 264): “ In the face of the clear public policy of this State as set forth in that enactment [the Taylor Law], a school board may not discriminate against teachers for exercising their right to belong to or participate in a teachers’ union. It is no answer to say that this is being done in the name of the efficient operation of the school district. Public policy is to the contrary.”
The Tischler case, it should be noted, is also cited in the Grand Island case (supra, p. 497), and at page 265 the court limited the jurisdiction of the trial court as follows:
“ If the petitioner possesses all the attributes of an excellent teacher, but additionally arouses the displeasure of the school board merely because she is a union activist, she may not be denied tenure on that ground. On the other hand, we are not to be understood to hold, and we do not hold, that union activity provides a shelter for a teacher whom the board decides not to retain for bona fide, legitimate reasons. Thus, it will be for the trial court to decide whether to give credence to the board’s claim that it was not motivated by a desire to punish the petitioner for her union activities and that it found her wanting for legitimate cognizable reasons.”
Following the logic of the Tischler case (supra) and the Town of Grand Island v. Helsby case (supra), the PERB has juris *734 diction to hear and determine the bona fide reaction of the board to the teacher’s capabilities to retain her position.
In view of all of the foregoing, therefore, this court holds that .respondent PERB does have jurisdiction to entertain the subject charge and the hearing and any other proceedings now pending before PERB may be resumed. Accordingly, the petition will be dismissed, without costs.
The application of Brentwood Teachers Association for an order permitting it to intervene in the proceeding and adding it as a party respondent is granted. The answer submitted by said intervenor-respondent will be deemed to be the answer on file.